DECISION AND JUDGMENT ENTRY
This is an appeal from a delinquency adjudication by the Lucas County Court of Common Pleas, Juvenile Division.
In 1997, appellant was adjudicated delinquent for committing an act that would constitute the third degree felony offense of gross sexual imposition if committed by an adult. (Case No. 97-45929) She was committed to the custody of the Ohio Department of Youth Services ("DYS") for a minimum term of six months and a maximum term not to exceed her twenty-first birthday. The commitment was stayed and appellant was placed on probation. Appellant violated her probation numerous times before the stay on the DYS commitment was lifted on June 20, 2001. Appellant now appeals setting forth the following assignments of error:
 "I. THE JUVENILE COURT ERRED WHEN IT FAILED TO STATE THE TOTAL NUMBER OF DAYS APRIL B. WAS HELD IN DETENTION PURSUANT TO R.C. 2151.355(F)(6)."
 "II. THE TRIAL COURT ERRED BY SUSPENDING APRIL B.'S DRIVER'S LICENSE FOR AN INDEFINITE PERIOD OF TIME."
In her first assignment of error, appellant contends that the court erred in calculating the number of days she was held in detention pursuant to R.C. 2151.355(F)(6). Specifically, appellant contends she is entitled to eight hundred twenty-six days of detention credit.[1]
R.C. 2151.355(F)(6) states:
 "When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to division (A)(4) or (5) of this section, the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department shall reduce the minimum period of institutionalization or minimum period of institutionalization in a secure facility specified in division (A)(4) or (5) of this section by both the total number of days that the child has been so held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department."
"Detention" is defined in R.C. 2151.011(B)(11) as "the temporary care of children pending court adjudication or disposition, or execution of a court order, in a public or private facility designed to physically restrict the movement and activities of children."
Our review of the record shows that the juvenile court failed to comply with the requirements of R.C. 2151.355(F)(6). Specifically, in lifting the stay on appellant's commitment to DYS, the court failed to "state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based."[2] The court in this case merely credited appellant for the time she spent in detention pending a hearing for her last probation violation. Because the charge of violating probation is a condition of probation and not a separate offense, any time appellant spent in detention pending hearings for her probation violations in Case No. 97-45929 relates back to the original delinquency complaint and appellant is entitled to detention credit for that time pursuant to R.C.2151.355(F)(6). See In Re: Timothy Ringo (March 19, 2002), Crawford App. No. 3-01-25, unreported, citing In Re. Samara Dillard (Dec. 3, 2001), Stark App. Nos 2001CA00093, 2001CA00121, unreported. The juvenile court must make that determination on remand. Appellant's first assignment of error is found well-taken.
In her second assignment of error, appellant contends that the juvenile court erred in suspending appellant's driver's license for an indefinite period of time. Appellee, in its brief, agree that this assignment of error should be sustained. Accordingly, appellant's second assignment of error is found well-taken.
The judgment of sentence of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded for further proceedings consistent with this opinion. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Appellant has included the time she spent in treatment facilities and foster homes as "detention" in calculating the number of days she alleges she should have credited to her pursuant to R.C. 2151.355(F)(6) and R.C. 2151.011(B)(11). Such time cannot be credited as it is not time spent detained pending adjudication or disposition. Rather, such time is the disposition. In Re: C.H., (Feb. 7, 2002), Cuyahoga App. No. 79329, unreported.
[2] An adjudication or disposition does not become effective until it has been adopted and journalized by the juvenile court. Juv.R. 40(E)(4)(a).